Brady, J.
On the golf course, a man may be the dogged victim of inexorable fate, be struck down by an appalling stroke of tragedy, become the hero of unbelievable melodrama or the clown in a sidesplitting comedy. — Bobby Jones
On July 8, 1996, while playing the ninth hole at the White Cliffs golf course[1] in Plymouth, the plaintiff Charlotte Delbos (“Delbos”) fell and injured her wrist. Delbos was wearing golf shoes which contained plastic spikes, a type of sole that became increasingly common in the 1990s as golf courses recognized that the traditional metal spikes were harmful to the greens.[2] In September 1995, the White Cliffs Board of Governors, which included Delbos, decided unanimously to prohibit the use of metal spikes on the golf course, effective at the start of the 1996 season.
For the convenience of White Cliffs members, pro shop employees changed the spikes on all members’ golf shoes from metal to plastic before the 1996 season began. The manufacturer of the so-called “Softspikes” provided cards that contained the following: “WARNING: ... To minimize the risk of injury, exercise caution when walking on surfaces with questionable traction ...” Delbos alleges that she never received this warning. Further, according to Delbos, after her husband slipped on the golf course in May 1996, she questioned the golf professional at the club who assured her that “the plastic spikes provided the same traction as metal spikes, and were completely safe.” Affidavit of Charlotte Delbos, Exhibit B, Plaintiffs Opposition to Defendant’s Motion for Summary Judgment.
Delbos is evidently an avid golfer, playing several times a week after her spikes were changed in the spring until July 8, 1996 when she fell.
DISCUSSION
In her complaint, Delbos alleges that White Cliffs was negligent in adopting the policy that prohibited the use of metal spikes on the golf course. Delbos further alleges that White Cliffs was negligent in replacing her metal spikes with plastic spikes and in failing to warn her regarding the dangerous propensities of the “Softspikes.” In both her brief and oral argument in opposition to the defendant’s present motion, Delbos concedes that she will be unable to prove that the defendant was negligent when it adopted the “no metal spikes” policy or when it replaced her metal spikes with plastic ones. Therefore, all that remains before this Court is Delbos’s claim that White Cliffs negligently failed to warn her of the alleged dangers associated with wearing plastic spikes.
The law is well-settled in Massachusetts that a landowner has no duty to warn of dangers obvious to persons of average intelligence. O’Sullivan v. Shaw, 431 Mass. 201, 204 (2000) (citing Lyon v. Morphew, 424 Mass. 828, 833 (1997)). Delbos by her testimony had worn the golf shoes with the plastic spikes for 24-36 rounds of golf before she fell. Whatever traction the plastic spikes provided, she knew or should have known of it by July 8, 1996. Whatever the golf pro may have said to her in May about the traction characteristics of the plastic spikes would have receded into irrelevance by July because she experienced those characteristics every time she played. There is no reason to suppose that a warning was necessary.
White Cliffs’s implementation of a “no metal spikes” policy was consistent with the policies of almost every other private golf course in Massachusetts, as well as most public golf courses across the country. That players must wear nonmetal spikes to protect the greens of our country’s golf courses is a fact generally known and accepted by golfers throughout the amateur golfing community. Delbos’s claim that White Cliffs was negligent in instituting such a policy and failing to warn her regarding its alleged potential dangers borders on frivolity and hints of bad sportsmanship. Cyberspace research has failed to reveal a single case where anyone has ever made such a claim. Ms. Delbos, on July 8, 1996, was simply the “victim of inexorable fate,” the victim of no one’s negligence but perhaps her own. Her round in this Court is now over.
*740 ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion for summary judgment is ALLOWED.

 Owned by the defendant White Cliffs Community Association, Inc. (“White Cliffs”). White Cliffs is the owner of a residential and recreational complex in Plymouth, Massachu - setts, which includes condominiums and a private golf course and country club.

According to Thomas Landry, Executive Director of the Massachusetts Golf Association, presently in Massachusetts 231 of the 323 member golf club facilities (i.e., golf courses used bythe member clubs) and 102 of the 106 private member golf club facilities prohibit the use of metal spikes. Affidavit of Thomas Landry, Exhibit H, Defendant's Motion for Summary Judgment.